IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:13-CV-18-BO

NAOMI HESS, )
)
    Plaintiff, )
)
v. ) **O R D E R**
)
ATLANTIC MARINE CORPS )
COMMUNITIES PROPERTY MANAGEMENT, )
LLC and WINN MANAGEMENT GROUP, LLC, )
)
    Defendants. )

This matter is before the Court on defendants' motion for summary judgment [DE 29]. The motion is now ripe for adjudication. For the reasons stated herein, the defendants' motion for summary judgment is GRANTED.

## BACKGROUND

Plaintiff is a former employee of Atlantic Marine Corps Communities Property Management, LLC ("Atlantic") which is a division of Winn Management Group, LLC ("Winn"). Plaintiff alleges that defendants discriminated against her on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* and North Carolina public policy as expressed in the North Carolina Equal Employment Practices Act ("NCEEPA"), N.C. Gen. Stat. § 143-422.1, *et seq.* Discovery closed on December 17, 2013 and defendants filed their motion for summary judgment on January 17, 2014.

## DISCUSSION

A motion for summary judgment cannot be granted unless there are no genuine issues of material fact for trial. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

The moving party must demonstrate the lack of genuine issue of fact for trial and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Celotex*, 477 U.S. at 324. The Court must view the facts and the inferences drawn from the facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). Conclusory allegations are insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.") (emphasis in original)."[T]here must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. Therefore the inquiry asks whether reasonable jurors could find for the plaintiff by the preponderance of the evidence. *Id.* Plaintiff must produce "significant probative evidence tending to support the complaint" or provide "specific facts showing there is a genuine issue for trial." *Id.* at 249–50. The Court will not consider "unsupported assertions," or "self-serving opinions without objective corroboration." *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996).

I.    TITLE VII CLAIM.

Plaintiff has alleged that defendants discriminated against her by terminating her employment because of her sex. There are two avenues through which plaintiff may avoid summary judgment. "First, a plaintiff may establish a claim of discrimination by demonstrating through direct or circumstantial evidence that sex [] discrimination motivated the employer's adverse employment decision." *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 284 (4th Cir. 2004). Here, plaintiff has pointed to no direct evidence of sex discrimination.

"The second method of averting summary judgment is to proceed under a 'pretext' framework, under which the employee, after establishing a prima facie case of discrimination demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." *Id.* at 285 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 807 (1973)). To establish a prima facie claim of discrimination, plaintiff must show that (1) she is a member of a protected class; (2) at the time of the adverse action she was performing at a level that met Atlantic's legitimate expectations; (3) she suffered an adverse action; and (4) similarly-situated employees outside of plaintiff's protected class received more favorable treatment. *Gerner v. Cnty. of Chesterfield*, 674 F.3d 264, 266 (4th Cir. 2012). If plaintiff establishes a prima facie case, the burden shifts to the defendant to state a legitimate non-discriminatory reason for her termination; however, this burden "is one of production, not persuasion." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). If the employer meets this burden, the presumption of unlawful discrimination created by the prima facie case dissolves and the burden shifts back to the employee to show that the given reason was a pretext for discrimination. *St. Mary's Honor. Ctr. v. Hicks*, 509 U.S. 502, 510–11 (1993).

Here, plaintiff has not established a prima facie case of discrimination. Defendants have proffered sufficient evidence to show that plaintiff was not performing at a level that met the legitimate expectations of Atlantic at the time of her termination. Further, plaintiff has not demonstrated that any similarly situated male employees received more favorable treatment. Therefore, plaintiff's claims fail as a matter of law and defendants are entitled to summary judgment.

The legitimate expectations element of the prima facie claim requires a plaintiff to prove by preponderance of the evidence that she was doing her job well enough to "rule out the

3

possibility that she was fired for inadequate job performance, absolute or relative." *Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 515 (4th Cir. 2006). The employer may introduce evidence that shows the defendant was not meeting its expectations. *Id.* at 515–16. The self-assessment of the plaintiff as to her own job performance is irrelevant. *Hawkins v. Pepsico, Inc.*, 203 F.3d 274, 280 (4th Cir. 2000).

Here, Atlantic has produced several pieces of evidence which suggest that plaintiff was not meeting its legitimate expectations of performance. During her three year employment plaintiff received one verbal warning, one written warning, and two final written warnings which resulted from a host of performance deficiencies including violations of attendance policies and insubordinate and disruptive conduct. Atlantic has also introduced evidence of multiple complaints from plaintiff's supervisors, co-workers, and customers regarding her poor work ethic and negative attitude. Further, plaintiff was given warnings that if her attitude and ability to get along with her partners did not improve, it was likely that she would be terminated.

Plaintiff contends that her March 2010 and February 2011 performance reviews and bonuses she received in the third and fourth quarters of fiscal years 2010 and 2011 establish that she was meeting defendants' legitimate expectations. However, it is well established that the defendants' perception of her performance at the time of her discharge is the relevant inquiry. *See Holtz v. Jefferson Smurfit Corp.*, 408 F. Supp. 2d 193, 205 (M.D.N.C. 2006) (finding that plaintiff's past record of acceptable performance did not trump the evidence of his failings at the time of the employment action). Plaintiff's positive reviews occurred 18 and 7 months prior to receiving her second final written warning and were received well before plaintiff's final new partner before her termination lodged complaints against her. The past performance reviews only indicate that at some point plaintiff was meeting the expectations of her employer, not that she

was meeting those expectations at the time of her termination. *See O'Connor v. Consol. Coin Caterers Corp.*, 56 F.3d 542, 547 (4th Cir. 1995) (holding that performance review of 1989, bonus from 1989, and salary data from 1989 were irrelevant to whether employee was meeting employer's legitimate expectations at the time of termination in August 1990), *rev'd on other grounds* 517 U.S. 308 (1996). Further, the reviews plaintiff points to, do not unambiguously assert that she was meeting expectations. The reviews include notes indicating she had several areas in which she needed to improve including cooperation with co-workers, communication skills, timeliness, and adhering to personnel policies. Simply put, a reasonable juror could not find that plaintiff was performing in accordance with Atlantic's legitimate expectations for her at the time of her termination.

Plaintiff also fails to establish a prima facie claim of discrimination because she cannot point to any similarly situated male employees who received more favorable treatment. In order to show that male employees received different treatment, plaintiff must be able to show that these employees are "directly comparable to [her] in all material respects." *Holtz*, 408 F. Supp. 2d at 206. Such a showing includes evidence that the employees "dealt with the same supervisor, [were] subject to the same standards and engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Haywood v. Locke*, 387 Fed. App'x 355, 359 (4th Cir. 2010). Plaintiff contends that she was treated less favorably than eight different male employees with the last names of Winnberry, Failor, McKee, Latoz, Padgett, Rochell, Garcia, and Johnson.

Mr. Garcia held an entirely different position than plaintiff and is therefore not a proper comparator. There is no evidence that Mr. Johnson, while an "unhappy sort," had any problems getting along with other Atlantic employees like plaintiff did. Mr. Failor, Mr. Latoz, Mr. Padgett,

5

and Mr. Rochell only received one disciplinary write-up compared to plaintiff's three separate write ups as well as a verbal warning. Therefore, the fact that they were not terminated, but plaintiff was, is not probative. They did not have the same on-going performance issues as plaintiff and are therefore not similarly situated and are not proper comparators. Similarly, plaintiff only points to a single incident involving Mr. Winnberry, not a pattern of performance issues. Finally, the circumstances surrounding plaintiff's write up for missing work due to medical reasons are different than those surrounding Mr. McKee's absences for which he was not written up. Mainly, Mr. McKee had requested and received an approved leave of absence before missing work, whereas the only date for which plaintiff was written up for an absence was where she failed to submit a medical note in advance of her absence.

In sum, other than plaintiff's own speculation and conjecture, she has failed to present any evidence showing that another similarly-situated male employee was treated more favorably than she was under similar circumstances. Plaintiff's own subjective belief that some male employees received more favorable treatment because they are male and she is female is simply insufficient by itself to create a genuine issue of fact and avoid summary judgment. *See Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 134–35 (4th Cir. 2002) (recognizing that subjective beliefs without more are insufficient).

As shown here, plaintiff has failed to come forward with evidence establishing a prima facie case of discrimination under Title VII. Accordingly, it is impossible for her to prevail on her claim as a matter of law and summary judgment is properly granted in favor of the defendants. Even if plaintiff properly made a prima facie case of discrimination, her claim still fails because she has failed to provide evidence with which a reasonable juror could base a

finding that Atlantic's reasons for terminating plaintiff were merely pretextual for unlawful discrimination.

   II.   NCEEPA CLAIM.

Plaintiff contends that defendants' actions also violate the public policy of North Carolina as set forth in the NCEEPA. The same evidentiary standards applicable to Title VII also apply to claims based on the public policy set forth in the NCEEPA. *See e.g., N.C. Dept. of Corr. v. Gibson*, 301 S.E.2d 78 (N.C. 1983); *Rishel v. Nationwide Mut. Ins. Co.*, 297 F. Supp. 2d 854 (M.D.N.C. 2003). Plaintiff bases her NCEEPA claim on the same alleged conduct by defendants and because she cannot establish that she suffered any discrimination in violation of Title VII, she also cannot prevail on a claim for wrongful discharge under the public policy set forth in NCEEPA. *See Jones v. Southcorr, LLC*, 324 F. sup. 2d 765, 783 (M.D.N.C. 2004); *Lenhart v. Gen. Elec. Co.*, 140 F. Supp. 2d 582, 594 (W.D.N.C. 2001). Accordingly summary judgment in favor of defendants is also proper for this claim.

## **CONCLUSION**

For the foregoing reasons, the defendants' motion for summary judgment is GRANTED. The Clerk is DIRECTED enter judgment accordingly and to close the file.

SO ORDERED.

This the __2 7__ day of March, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE